Doreen TOWNSEND, Plaintiff–Appellant,

v.

HOME FOR THE HOMELESS, INC., Defendant–Appellee.

Docket No. 01–7021.

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Charmaine M. Stewart, Charmaine M. Stewart & Assocs.; Nadira S. Stewart, law student, on the brief, Elmont, NY, for Appellant.

Sarajane Steinberg, Kaye Scholer LLP; William C. Zifchak and Neil S. Kaufman, of counsel, New York, NY, for Appellee.

Present SACK, PARKER and B. FLETCHER,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be, and it hereby is, affirmed.

Plaintiff-appellant Doreen Townsend appeals from the December 5, 2000 judgment of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*), dismissing her complaint for sexual harassment pursuant to Title VII because it was time barred. On appeal, the plaintiff asserts: (1) that her complaint was filed in a timely manner, (2) that the defendant waived its statute of limitations defense, and (3) that the plaintiff was denied due process because she was not provided an adequate opportunity to set forth her position on waiver. We disagree.

The plaintiff's complaint is time barred because she filed it more than 90 days after her attorney received notice from the Equal Employment Opportunity Commission that she had a right to sue in federal court. Pursuant to 42 U.S.C. § 2000e–5(f)(1), a plaintiff "may initiate a Title VII court action within 90 days of the notification by the [EEOC] that it is unable or unwilling to settle the dispute between employee and employer." *Johnson v. Al Tech Specialties Steel Co.*, 731 F.2d 143, 144 (2d Cir.1984). And under Title VII and "our system of representative litigation," a party is deemed to have received the EEOC notification letter when her attorney receives the notification letter. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The plaintiff's attorney effectively conceded that she received the letter by July 12, 1997, which is 94 days before the plaintiff filed her complaint on October 14, 1997. Thus, the plaintiff's complaint is subject to dismissal.

The plaintiff asserts that even if her complaint was filed late, the defendant waived this time-bar defense because it failed timely to plead it. The plaintiff is correct when she argues that the 90–day time limit is an affirmative defense that is waived if not pled. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 n. 3, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *Johnson*, 731 F.2d at 146. Her argument fails, however, because the defendant's answer was amended to include this time limit defense. The district court treated the defendant's summary judgment motion as a motion to amend the answer to in-

* Of the United States Court of Appeals for the    Ninth Circuit, sitting by designation.

clude this defense and granted the motion. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (1993). This was not an abuse of the district court's discretion. *See id.* at 350–51.

■ Finally, the plaintiff's argument that she was denied an adequate opportunity to present her position on waiver is without merit because she was provided sufficient opportunity to present her claims to the district court. She argued this point in her memorandum in opposition to summary judgment, as well as during oral argument on the summary judgment motion.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.