[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11218
_____

D.C. Docket No. 2:90-cv-00688-MHT-CSC


KATHY GARNER,
LOULEE W. KARN,

Plaintiffs – Appellees/Cross-Appellant,

versus

G. D. SEARLE PHARMACEUTICALS CO.,

Defendant – Appellant/Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____
(September 15, 2014)

Before JORDAN, Circuit Judge, and RYSKAMP,[*] and BERMAN,[**] District Judges.

_____

[*] Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

In June of 1990, Kathy Garner and Loulee Karn filed this employment discrimination suit against G.D. Searle Pharmaceuticals Co. ("Searle") alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.  Although the district court held a bench trial in 1993, it did not issue its opinion holding Searle liable until January of 2002.  It then took more than a decade to resolve the damages issues, with a final judgment entered on February 15, 2013.  This two-plaintiff employment discrimination suit thus took almost 23 years to reach a damages resolution.

In the interest of brevity, we will not repeat the district court's detailed factual findings here and will instead summarize its rulings.  The district court ruled that (1) Joe Flanders, a District Manager at Searle, subjected Ms. Garner and Ms. Karn to sexual harassment "that was so severe and so pervasive that it created a hostile and abusive working environment in violation of Title VII"; (2) Searle constructively discharged Ms. Karn when she was forced to resign her position as a medical sales representative for Searle due to the sexual harassment; (3) Searle intentionally discriminated against Ms. Garner on the basis of her sex with regard to promotion, discipline, and discharge; (4) Searle retaliated against Ms. Garner for

---

[**] Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

filing an EEOC charge by discharging her; and (5) Searle violated the Equal Pay Act by paying both Ms. Garner and Ms. Karn less than men for the same work. *See* D.E. 177 at 9, 57, 68-73.  Based on after-acquired evidence, the district court limited Ms. Garner's backpay award, finding that Ms. Garner would have been discharged even in the absence of Searle's discrimination and retaliation based on her falsification of physician call reports.  *Id.* at 75.  Taking a kitchen sink approach to this appeal, the parties contest each of the rulings adverse to them.

Following review of the voluminous record, and with the benefit of oral argument, we affirm without further discussion the district court's rulings that Searle was liable for (1) Mr. Flanders' sexual harassment of Ms. Garner and Ms. Karn, (2) the constructive discharge of Ms. Karn, (3) the retaliation against Ms. Garner for filing an EEOC charge, and (4) the violation of the Equal Pay Act. The findings on which those rulings were based, in our view, were not clearly erroneous.  *See Lincoln v. Bd. of Regents of Univ. Sys. of Georgia*, 697 F.2d 928, 940 (11th Cir. 1983) ("[T]his Court may reverse a finding of intentional discrimination only if the finding is clearly erroneous.").  Because we conclude that Searle waived its exhaustion defense, we also affirm the district court's ruling that Searle intentionally discriminated against Ms. Garner on the basis of her sex with regard to promotion, discipline, and discharge. But we reverse the district

3

court's decision allowing Searle to raise its after-acquired evidence after trial, and remand for further proceedings consistent with this opinion.

## I

Searle may have had a strong argument that Ms. Garner failed to exhaust administrative remedies with respect to her promotion and discipline claims because she failed to file a timely EEOC charge alleging such discrimination. *See Griffin v. Dugger*, 823 F.2d 1476, 1492–93 (11th Cir. 1987) (charge for discriminatory objective testing would not support claim for subjective discriminatory discipline or promotion). *See also Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007) ("The EEOC charging period is triggered when a discrete unlawful practice takes place."), *superseded on other grounds by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, § 3, 123 Stat. 5. But Searle waived its exhaustion defense by failing to include it in the pretrial order. *See Miles v. Tennessee River Pulp & Paper Co.*, 862 F.2d 1525, 1529 (11th Cir. 1989) (holding that the defendant waived a defense by not raising it in a pretrial order). *See also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ("[A] final pretrial order . . . supersede[s] all prior pleadings and control[s] the subsequent course of the action.") (internal quotation marks omitted).

Searle does not dispute that it failed to raise an exhaustion defense in the pretrial order and admits that "[c]laims not raised in the pretrial order will usually

not be allowed."  Appellant's Br. at 45.  Searle nonetheless argues that it could still avail itself of this affirmative defense because the issue was "actually tried." Appellant's Response and Reply Br. at 24-25.  *See also* Fed. R. Civ. P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."). Ironically, however, Searle has also waived its argument against waiver.  Because Searle failed to provide us with record citations indicating when and how it raised and tried this defense below, its arguments on appeal are deemed waived.  *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1283 (11th Cir. 2009) ("Because she has failed to develop the argument or to offer any citation to the record in support of it, we deem the argument waived.").

It is not our duty to parse through the lengthy trial record—which spans a dozen volumes in this case—to determine whether a party properly preserved an affirmative defense.  *See* Fed. R. App. P. 28(a)(8)(A) (requiring the appellant's brief to include "citations to the authorities and parts of the record on which the appellant relies").  Because Searle provides no support for its argument that this defense was "actually tried" below, we need not reach its argument that Ms. Garner suffered no prejudice due to the lack of notice.[1]

---

[1] Our review of the record indicates that, to the extent Searle raised an exhaustion defense at all, it did so only with respect to Ms. Garner's discriminatory pay, discipline, and discharge claims. *See* Trial Memorandum, D.E. 166 at 8 ("Garner did not allege unequal or discriminatory

Because we hold that Searle waived its exhaustion defense, we affirm the district court's ruling that Searle intentionally discriminated against Ms. Garner on the basis of her sex with regard to promotion, discipline, and discharge. The district court did not clearly err on the ultimate factual issue of whether Searle intentionally discriminated against Ms. Garner. *See Richardson v. Leeds Police Dept.*, 71 F.3d 801, 806 (11th Cir. 1995) ("When the trier of fact has before it all the evidence needed to decide the ultimate issue of whether the defendant intentionally discriminated against the plaintiff, the question of whether the plaintiff properly made out a prima facie case is no longer relevant.") (internal quotation marks omitted). Searle argues that "the record does not contain subsidiary findings that males who were similarly situated to Garner were treated better (i.e., promoted, not placed on a PIP, or not terminated after failing to meet PIP goals)," Appellant's Response and Reply Br. at 12, but we believe that the

_____

compensation practices or discriminatory practices in evaluation or discipline in either the original or amended charge."), and 22 ("Both plaintiffs allege discrimination under Title VII with respect to pay, discharge, work assignments, and discipline. All of these claims are barred by the administrative exhaustion requirement of Title VII because they are not within the scope of the claims raised in the respective EEOC charges filed by plaintiffs."); Defendant's Post-Trial Reply Memorandum, D.E. 171 at 85 ("Disparate pay was neither related to nor within the scope of Plaintiffs' EEOC charges."). But even if we were to find that Ms. Garner failed to exhaust her administrative remedies with respect to the independent discipline claim, her August 1989 Performance Improvement Plan (PIP) would still be part and parcel of her promotion, retaliation, and discharge claims. Searle itself argued in the pre-trial order that Ms. Garner's lack of promotion and discharge resulted from her deficient sales performance as documented by the PIP. *See* D.E. 124 at 5. Because Searle did not raise an exhaustion defense regarding the promotion claim, the district court properly considered the discriminatory nature of the PIP in deciding these claims. Searle does not argue on appeal that Ms. Garner failed to exhaust administrative remedies with respect to her discharge claim.

6

district court's ruling was amply supported by the record below.  *See, e.g.*, D.E. 177 at 68-70 (discussing men who received promotions despite having similar performance to Ms. Garner); *id.* at 70-72 (same with respect to discipline); *id.* at 72-73 (same with respect to discharge).

## II

We reverse, however, the district court's decision allowing Searle to raise its after-acquired evidence after trial in order to limit Ms. Garner's backpay relief. The after-acquired evidence doctrine allows an employer to cut off its backpay liability for employment discrimination if it later discovers that the employee engaged in wrongdoing "of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 362-63 (1995).  Under such circumstances, the backpay award should be limited to the period of time "from the date of the unlawful discharge to the date the new information was discovered." *Id.* at 362.

As we have previously explained, the after-acquired evidence doctrine "is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012).  Despite discovering Ms. Garner's alleged misconduct in July of 1991, Searle failed to amend its answer or otherwise raise the after-acquired

evidence defense in the pretrial order (which was issued in March of the following year). It nonetheless argues against waiver because the "trial court took . . . after-acquired evidence testimony," and Searle raised the issue in its post-trial briefs. Appellant's Response and Reply Br. at 30.

Without appropriate record citations, we cannot credit Searle's argument that the after-acquired evidence defense was tried by implied consent. Our independent review of the record reveals that Searle failed to raise the after-acquired evidence defense at trial even after Ms. Garner's attorney objected to the introduction of the falsified call report on relevance grounds. *See* D.E. 328-4 at 771-72. If anything, the record reveals that Searle affirmatively mislead Ms. Garner into believing that the falsified call report was relevant only to the extent it buttressed Searle's arguments that its decision to terminate her was based on her sales numbers alone. *Id.* D.E. 328-4 at 772 (explaining that the falsified call report was relevant because "call average is something that was raised with Mrs. Garner's evaluations a number of times. . . . But more importantly, calls that she actually made on physicians or did not make on physicians, would directly impact [her sales] numbers . . . ."). We will not countenance such sandbagging. We are not persuaded, moreover, that Ms. Garner was not prejudiced by Searle's failure to raise this defense before or during trial. Accordingly, we find that Searle

waived its after-acquired evidence defense by failing to raise it until after trial and reverse the district court's limitation on Ms. Garner's backpay relief.[2]

### III

Because we conclude that Searle waived its after-acquired evidence defense, we reverse the district court's order limiting Ms. Garner's backpay award after the date Searle discovered her misrepresentation. We affirm the district court's order in all other respects and remand so that the district court can recalculate Ms. Garner's backpay award.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] Even if not waived, we are skeptical that the evidence adduced at trial—Ms. Garner's falsified report and testimony that one unidentified individual had been terminated for similar misconduct—was sufficient to support an after-acquired evidence defense. *See McKennon*, 513 U.S. at 362-63 (holding that the employer must establish that the alleged "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone"). Searle did not present any testimony that Ms. Garner would have been terminated based on this misconduct. In addition, Searle's failure to timely raise the defense denied Ms. Garner the opportunity to cross-examine its witness regarding the circumstances of the other individual's termination.