16-3074

Hardaway v. Hartford Public Works Department

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

——————————

August Term, 2017

(Submitted: October 13, 2017          Decided:  January 12, 2018)

Docket No. 16-3074

——————————

CURTIS HARDAWAY,

*Plaintiff-Appellant*,

v.

HARTFORD PUBLIC WORKS DEPARTMENT,

*Defendant-Appellee.*

——————————

Before: WINTER, CALABRESI, and POOLER, *Circuit Judges*.

Appeal from the August 31, 2016 judgment of the United States District

Court for the District of Connecticut (Hall, *C.J.*; Merriam, *M.J.*) dismissing

Hardaway's third amended complaint. Because the district court erred in

holding that administrative exhaustion must be pleaded in the complaint, we reverse and remand for further proceedings.

Reversed.

_____

CURTIS HARDAWAY, pro se, Windsor, C.T.

JONATHAN H. BEAMON, Senior Assistant Corporation Counsel, Hartford, CT *for Defendant-Appellee.*

POOLER, *Circuit Judge*:

Plaintiff-Appellant Curtis Hardaway, proceeding pro se, appeals from the August 31, 2016 judgment sua sponte dismissing his third amended complaint against the City of Hartford, the Hartford Department of Public Works (the "Department"), and five Doe defendants. Hardaway, an African American and former employee of the Department, alleged that he was subjected to discrimination and retaliation after he filed complaints against the Department with the Occupational Safety and Health Administration ("OSHA"). As relevant here, the district court dismissed Hardaway's Title VII claims and a state law

2

claim of negligent infliction of emotional distress because Hardaway failed to plead facts relating to administrative exhaustion.[1]

Because we hold that administrative exhaustion under Title VII is an affirmative defense, we reverse the district court's judgment as to Counts I, III and V of the third amended complaint, and remand for further proceedings.

**BACKGROUND**

Hardaway worked for the Department of Public Works for over 20 years. In 2011, he noticed worsening safety violations by the Department. In late 2013, after being placed in a "dangerous life and death hazardous working environment," Hardaway photographed the safety violations. Third Amended Complaint at ¶¶ 11–12, ECF No. 26, *Hardaway v. Hartford Public Works Dep't*, No. 16-cv-00115 (D. Conn. July 18, 2016). When he showed his white supervisor the photographs, the supervisor told Hardaway to get back to work. According to Hardaway, his supervisor would not have treated him that way were he white. Further, his "[w]hite coworkers [were] not forced to work in the dangerous working environment." *Id.* at ¶ 24.

---

[1] In a separate summary order filed concurrently with this opinion, we affirm the district court's holdings as to Hardaway's remaining claims.

Following his supervisor's inaction, Hardaway filed a complaint with OSHA regarding his working conditions. Thereafter, he was threatened, harassed, and intimidated. He was identified as a "troublemaker," called "bitch, gay, a person that will complain to OSHA," and told to "'play ball' and stop asking safety questions." *Id.* at ¶ 13. Additionally, he was denied overtime and suspended because of his OSHA complaint. In August 2014, a white supervisor told Hardaway that if he stopped reporting safety violations, his demotion would "go away" and his overtime would be "reinstated." *Id.* at ¶ 14. Hardaway then filed another complaint with OSHA, asserting discrimination and retaliation because of his prior OSHA complaint. In February 2015, he was told to "stop acting like a bitch running to OSHA like a little girl" and that if he stopped reporting safety violations "everything [would] go back to normal." *Id.* at ¶ 15. He filed another complaint with OSHA and was fired three months later. According to Hardaway, he would not have been fired were he white.

Hardaway brought suit on January 26, 2016, alleging discrimination and retaliation claims. On August 31, 2016, the district court sua sponte dismissed Hardaway's third amended complaint, adopting the recommended ruling of the magistrate judge. The district court reasoned that Hardaway had pled sufficient

4

facts to support Title VII claims of employment discrimination and a hostile work environment, but those claims nonetheless were not viable because Hardaway failed to plead facts relating to administrative exhaustion with the Equal Employment Opportunity Commission ("EEOC"). The district court declined to exercise supplemental jurisdiction over the state law claim of negligent infliction of emotional distress.

## DISCUSSION

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-150 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal punctuation omitted).

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *see also* 42 U.S.C. § 2000e–5(e) and (f) (providing procedures and deadlines for filing charges with the EEOC and, following receipt of a right-to-sue letter, in court); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (describing Title VII exhaustion as requiring that "a claimant…file[] a timely complaint with the EEOC and obtain[] a right-to-sue letter"). We have previously noted that exhaustion is "an essential element of Title VII's statutory scheme." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)). However, we have repeatedly held that "the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." *Id.* at 768 (citations omitted); *see also Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015) ("[T]he failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court."). Thus the Title VII exhaustion requirement is "subject to equitable defenses." *Fowlkes*, 790 F.3d at 384.

This case calls on us to answer a question we have not yet squarely considered: which party bears the burden of pleading and proving exhaustion in a Title VII case brought by a non-federal employee. We have considered closely related issues previously. In *Townsend v. Home for the Homeless, Inc.*, we decided the narrower question of whether compliance with the filing deadlines established by 42 U.S.C. § 2000e–5(f) operated as an affirmative defense, and found, in a non-precedential summary order, that it did. 28 F. App'x 85, 86 (2d Cir. 2002) (Title VII claim was not barred for failure to comport with 42 U.S.C. § 2000e–5(f)(1) deadline requirements because "the 90–day time limit is an affirmative defense that is waived if not pled"). We have also held that failure to exhaust administrative remedies "can be asserted by the government as an affirmative defense," in Title VII suits brought by federal employees. *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). Title VII claims brought by federal employees share certain statutory requirements with other Title VII claims, but are subject to separate statutory provisions and regulations. *See* § 2000e-16(e), (d) (incorporating portions of Title VII statutory scheme for non-federal employee claims); *see also Green v. Brennan*, 136 S. Ct. 1769, 1775, n. 4 (2016).

7

Several of our sister circuits have considered various strains of the question now before us, and ruled that Title VII exhaustion operated as an affirmative defense, with the burden on the defendant. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009) ("Failure to timely file an administrative charge is an affirmative defense, and the burden of proof … therefore rests on the defendant."); *see also Payan v. Aramark Mgmt. Servs. Ltd. Partnership*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (holding that the filing deadlines established by 42 U.S.C. § 2000e-5(f)(1) function as a statute of limitations, and "because the statute of limitations is an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period"); *Garner v. G.D. Searle Pharm. Co.*, 581 F. App'x 782, 784 (11th Cir. 2014) (analyzing Title VII exhaustion as an "affirmative defense") (unpublished opinion). In the overlapping context of federal employment Title VII claims, numerous circuit courts have similarly held that exhaustion is an affirmative defense. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("[E]xhaustion of administrative remedies is an affirmative defense," and thus "the defendant bears the burden of pleading and proving it."); *see also Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) ("Because failure to exhaust

administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies."); *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n. 7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, [so] the defendant bears the burden of pleading and proving it.") (quoting *Bowden*, 106 F.3d at 437) (internal quotation marks omitted); *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) ("Failure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure.") (citing *Williams*, 130 F.3d at 573) (unpublished opinion). However, at least one Court of Appeals rejected this view, ruling instead that compliance with Section 2000e-5(e)(1)'s filing requirements is "a condition precedent to suit and thus a burden for plaintiffs to carry." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007).

We think the better resolution is the approach taken by the majority of our sister circuits. Accordingly, we hold that the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense.

The Supreme Court has previously held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[2] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (holding that timing requirements applicable to Title VII suits against the federal government are similarly subject to equitable tolling). While *Zipes* centered on only certain aspects of exhaustion, it made plain that a plaintiff's failure to fully comply with the remedial administrative scheme envisioned by Title VII does not preclude judicial review, as had been suggested. Rather, the administrative filing requirements operate "like a statute of limitations," and could be excused under certain doctrines. *Zipes*, 455 U.S. at 393. By invoking a generalized statute of limitations, the Supreme Court also indicated that exhaustion should be treated as an affirmative defense, since statutes of limitation typically function as affirmative defenses in federal litigation. *See* Fed. R. Civ. P. 8 (c)(1).

---

[2] In so holding, the Supreme Court rejected outright an argument that exhaustion did not operate as "an affirmative defense analogous to a statute of limitations." *Zipes*, 455 U.S. at 389.

Our decision also follows from other areas where administrative exhaustion is an affirmative defense. In *Jones v. Bock*, the Supreme Court found that the exhaustion requirements of the Prison Litigation Reform Act ("PLRA") functioned as an affirmative defense. 549 U.S. 199, 212 (2007). The Court drew support for its decision from the absence of any indication in the PLRA that exhaustion should be pled by the plaintiff, writing, "[t]his is strong evidence that the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." *Id.* So too in Title VII. The statutory scheme makes no mention of pleading requirements or questions of proof related to exhaustion. *See* 42 U.S.C. § 2000e-5. Thus we see no need to depart from the general rule.

Here, the district court sua sponte dismissed Hardaway's Title VII claims for failure to exhaust, or plead other facts that would relieve him of the obligation to file a complaint with the EEOC. The district court explicitly found that Hardaway had otherwise stated viable Title VII claims. Thus the district court erroneously dismissed Hardaway's third amended complaint by holding that the exhaustion requirement is a pleading requirement incumbent on a Title VII plaintiff, rather than an affirmative defense.

Finally, the district court dismissed Hardaway's state law claim of negligent infliction of emotional distress, declining to exercise supplemental jurisdiction over Hardaway's state claim in the absence of a viable federal claim. Hardaway's negligent infliction of emotional distress claim and his Title VII claims "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). Both relate to the verbal harassment that Hardaway alleges he suffered following his OSHA complaints. As a result, supplemental jurisdiction over Hardaway's negligent infliction of emotional distress claim is now proper, since Hardaway has presented viable Title VII claims.

**CONCLUSION**

Accordingly, with respect to Hardaway's Title VII claims, Counts I and III, and his state law negligent infliction of emotional distress claim, Count V, we REVERSE the judgment of the district court, and REMAND for further proceedings not inconsistent with this opinion.