*Richardson v. Manhattan N.Y.C. Transit Auth., Headquarters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PIERRE N. LEVAL,
> > *Circuit Judge*,
> ANDREW L. CARTER, JR.,*
> > *District Judge*.

_____

HALANA RICHARDSON,

> *Plaintiff-Appellant*,

v.                                           17-2281

MANHATTAN NEW YORK CITY TRANSIT
AUTHORITY, HEADQUARTERS,

> *Defendant-Appellee*.

_____

* Judge Andrew L. Carter, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    Halana Richardson, pro se, New York, NY.

FOR DEFENDANT-APPELLEE:                    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Halana Richardson, proceeding pro se, appeals from a judgment dismissing her action against the New York City Transit Authority ("NYCTA"), in which she alleged sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court (McMahon, *C.J.*) dismissed sua sponte Richardson's amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and denied leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a pro

2

se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

The district court concluded that Richardson did not plead "that any alleged adverse employment actions resulted from her engagement in activity protected under Title VII." App. at 7. We agree. "To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (per curiam). While Richardson alleges that she lodged several complaints with NYCTA's management, none of them supports a retaliation claim, either because they do not represent activity protected by Title VII or because Richardson makes no allegation that NYCTA took any adverse employment action against her as a result of such activity. Accordingly, we affirm the judgment to the extent it dismissed Richardson's retaliation claim.

The district court also decided that Richardson failed to allege facts showing that the alleged harassment was "motivated [by] her race, color, sex, or any other impermissible factor." App. at 7; *see Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic."). However, we conclude that the amended complaint, interpreted "to raise the strongest claims that it

3

suggests," *Hill*, 657 F.3d at 122 (internal quotation marks and alterations omitted), does permit an inference that certain alleged actions were motivated by Richardson's sex.

Richardson alleged that she "was yelled at [and] called a 'bitch' . . . in front of other coworkers . . . because [she] would not entertain their advances, nor go out with them let alone have sex with these men." Am. Compl. at 18, *Richardson v. Manhattan Transit Auth. N.Y.C. Headquarters*, No. 16-cv-1304-CM (S.D.N.Y. Feb 22, 2017), ECF No. 5 ("Am. Compl."). One male coworker, who Richardson alleged was "infatuated with [her]" (and whom she had reported for unrelated misconduct), allegedly posted notices calling her a "SNITCH BITCH" and took other actions to intimidate her, such as urinating in a booth while she was inside and bumping her hard enough to knock her down. *Id.*; *see Raniola v. Bratton*, 243 F.3d 610, 622 (2d Cir. 2001) ("[P]rior derogatory comments by a co-worker may permit an inference that further abusive treatment by the same person was motivated by the same sex-bias manifested in the earlier comments."). Richardson alleged that a supervisor "left the notices up for viewing," and that her "coworkers[,] especially the male coworkers[,] mocked [her] with the very words that were on the [notices]." Am. Compl. at 18. Richardson also alleged that she "would not entertain" another male coworker's "verbal advances asking [her] about [her] clothing and hair," which angered him, and that he physically pushed past her in an intimidating manner. *Id.* at 15, 17. She further alleged that a supervisor told her to give that coworker "the benefit of the doubt" during a meeting attended by many male coworkers, which she understood as the supervisor giving permission for further harassment. *Id.* at 15; *cf. Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (explaining that a supervisor's derogatory comment about a plaintiff in front of her male coworkers heightened its discriminatory impact).

4

Given those allegations, we respectfully conclude that Richardson's Title VII claim for discrimination should not have been dismissed on the basis that she failed to allege facts permitting an inference that the alleged mistreatment occurred because of her sex, and we vacate the judgment to the extent that it dismissed that claim.[1]

For the foregoing reasons, the judgment is **AFFIRMED** to the extent it dismissed Richardson's Title VII claim for retaliation and **VACATED** to the extent it dismissed Richardson's Title VII claim for discrimination because of sex. We **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In dismissing the amended complaint for failure to state a claim, the district court noted that Richardson failed to show that she had exhausted her administrative remedies. However, in another case decided by this Court after the district court's ruling here, we held that the failure to plead exhaustion of administrative remedies does not justify dismissing a complaint sua sponte because "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense." *Hardaway*, 879 F.3d at 491.