20-2733-cv
Morrison v. Jones

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
DENNY CHIN,
WILLIAM J. NARDINI,
*Circuit Judges.*

---

RICHARD C. MORRISON,

*Plaintiff-Appellant*,

v.                                                                                    20-2733

YOLANDA JONES, VICTOR MATOS, NEW YORK CITY TRANSIT AUTHORITY,

*Defendants-Appellees.*[1]

---

FOR PLAINTIFF-APPELLANT:          RICHARD C. MORRISON, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:          ROBERT K. DRINAN, Executive Agency Counsel (David I. Farber, General Counsel *on the brief*), New York City Transit Authority, Brooklyn, NY.

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Richard Morrison, proceeding pro se, appeals the district court's judgment entered July 14, 2020, dismissing his amended complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii). Morrison, an off duty bus operator, brought claims for employment discrimination and retaliation against the New York City Transit Authority ("NYCTA") and two individuals under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*[2] His complaint arises out of his May 2018 arrest and eventual termination from his job with the NYCTA after another bus operator accused him of assault while he was a passenger on her bus. The charges were ultimately dropped and Morrison was reinstated to his position with the NYCTA. We assume the reader's familiarity with the record.

We review *de novo* a district court's *sua sponte* dismissal under § 1915(e)(2). *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (internal quotation marks omitted).[3]

As an initial matter, Morrison's briefs primarily take the form of a factual narrative, and we affirm the district court's decision because Morrison has failed to substantively challenge the court's ruling on appeal. In any event, we discern no reason, on our *de novo* review or articulated in Morrison's briefs, to disturb the opinion of the district court. The court properly dismissed Morrison's claims against the individual defendants because "Title VII does not impose liability on individuals," *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012), and Morrison does not allege that either individual defendant participated in the conduct giving rise to Morrison's claims as required under the NYSHRL or NYCHRL. *See Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011).

With respect to Morrison's claims against the NYCTA, the court correctly concluded that he has not alleged facts supporting an inference of race or gender discrimination because of his race or gender. His complaint does not plead sufficient facts connecting alleged mistreatment with his race. Morrison, however, pleads allegations about female bus operators who were involved in altercations and charged criminally but were not terminated. A plaintiff may raise an inference

---

[2] Morrison also moves to supplement the record on appeal. That motion is denied. *See* Fed. R. App. P. 10(e).

[3] Morrison's opening and reply briefs are written in narrative form and include some facts that were never presented to the district court. To the extent that Morrison attempts to raise new claims on appeal, we decline to consider them. *See In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alterations omitted)); *United States v. George*, 779 F.3d 113, 119 (2d Cir. 2015) ("We generally treat arguments raised for the first time in a reply brief as waived.").

of discrimination by "showing that an employer treated plaintiff less favorably than a similarly situated employee outside his protected group." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (internal quotation marks omitted). When unfair discipline is alleged, the person to whom the plaintiff compares himself must be "similarly situated to the plaintiff in all material respects," including that he or she was "(1) subject to the same performance evaluation and discipline standard and (2) engaged in comparable conduct." *Id.* at 493–94 (internal quotation marks omitted). The district court properly held that Morrison had not alleged enough facts to suggest that his purported comparators were sufficiently similarly situated to support an inference of discrimination. Specifically, he had not alleged that they were subject to the same evaluation and discipline standards or that they engaged in comparable conduct.

The district court also correctly concluded that Morrison failed to plausibly allege a retaliation claim against NYCTA. To make out a *prima facie* case of retaliation, a plaintiff must show, among other things, "a causal connection between [a] protected activity and [an] adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015). Morrison's decision to file a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") is arguably a protected activity for purposes of Morrison's retaliation claim. Morrison's complaint, however, plainly fails to plausibly allege a causal connection between his EEOC complaint and his termination given that his termination occurred 10 months before he filed his complaint.

Finally, we find no error in the district court's decision not to exercise supplemental jurisdiction over Morrison's NYCHRL claims once it had dismissed his federal claims. *See* 28 U.S.C. § 1367(c) (If "the district court has dismissed all claims over which it has original jurisdiction," then it "may decline to exercise supplemental jurisdiction over a claim.").

\* \* \*

We have considered all of Morrison's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Morrison's motion to supplement the record.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court