22-2771-cv
Holyoke v. Mohawk Valley Health System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Gary Arthur Holyoke,

> *Plaintiff-Appellant,*

> v.                                                           22-2771

Mohawk Valley Health System, Mohawk Valley Community Services,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**　　　　　　　Gary Arthur Holyoke,
　　　　　　　　　　　　　　　　　　　　　　　pro se, Utica, NY.

**FOR DEFENDANT-APPELLEE MOHAWK
VALLEY HEALTH SYSTEM:**　　　　　　　　Patrick V. Melfi, Hannah
　　　　　　　　　　　　　　　　　　　　　　　K. Redmond, Bond,
　　　　　　　　　　　　　　　　　　　　　　　Schoeneck & King,
　　　　　　　　　　　　　　　　　　　　　　　PLLC, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gary Arthur Holyoke, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint. Holyoke sued Mohawk Valley Health System and Mohawk Valley Community Services for violating his rights in connection with his treatment at their facilities. The district court adopted a report and recommendation and dismissed Holyoke's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege that either defendant was acting under color of state law, denying leave to amend as futile. *Holyoke v. Mohawk Valley Health Sys.*,

No. 22-CV-316, 2022 WL 1102414 (N.D.N.Y. Apr. 13, 2022), *report and recommendation adopted*, 2022 WL 16570433 (N.D.N.Y. Nov. 1, 2022). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review is de novo. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). In conducting this review, we assume all well-pleaded allegations in the operative complaint are true and draw every reasonable inference in the plaintiff's favor. *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005). While pro se filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)), a pro se complaint must still state a "plausible claim for relief" to survive dismissal, *id.* (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)).

## I.   State Action

We agree with the district court that Holyoke's complaint failed to demonstrate that the defendants were acting under color of state law. *See* 42 U.S.C. § 1983; *Meadows*, 963 F.3d at 243. Holyoke did not allege that the defendants were

3

state actors and does not press any meaningful argument to that end on appeal. A private entity acts under color of state law for purposes of § 1983 only when its actions are "fairly attributable to the state," including when there are questions of compelled conduct, joint action, or private adoption of public functions. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)). Holyoke has not pleaded facts suggesting that any of these exceptions apply. Accordingly, Holyoke has not sufficiently alleged state action and the district court correctly decided that his § 1983 claims should be dismissed.[1]

## II. Leave to Amend

The district court also permissibly denied leave to amend. Holyoke had the opportunity to address the state action deficiencies following the magistrate judge's recommendation to dismiss the case but did not do so before the district

---

[1] There is some ambiguity about the identity of defendant Mohawk Valley Community Services. Even if that defendant were a state actor, however, we agree with the magistrate judge that Holyoke failed to plead a valid § 1983 claim against Mohawk Valley Community Services. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

4

court and has not done so now. Exercising de novo review, we conclude that the district court did not err in deciding that amendment would be futile. *See Freidus v. Barclays Bank PLC*, 734 F.3d 132, 138 (2d Cir. 2013); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

\*     \*     \*

We have considered Holyoke's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5