24-475-cv
*Trisvan v. Mildred Elley Sch.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-four.

Present:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

JOHN TRISVAN,

> *Plaintiff-Appellant*,

> v.                                                                          24-475

THE MILDRED ELLEY SCHOOL,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:                    John Trisvan, pro se, Albany, NY.

FOR DEFENDANT-APPELLEE:                    Jacob Shorter, Gombos Leyton, PC, Fairfax, VA.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant John Trisvan, proceeding pro se, sued the Mildred Elley School in federal court for fraud and civil rights violations. He alleged that Mildred Elley convinced him to submit a $33,000 federal loan application, coached him to commit fraud on his financial aid application, and wrongfully removed him from the school after he had been approved for financial aid.

The district court adopted a report and recommendation of the magistrate judge and dismissed Trisvan's amended complaint without prejudice, and Trisvan did not timely object. The district court concluded that it lacked subject-matter jurisdiction because Trisvan "failed to set forth any cognizable federal cause of action" and had "not established diversity" for his fraud claims. *Trisvan v. Mildred Elley Sch.*, No. 23-CV-1123, 2024 WL 686926, at *2 (N.D.N.Y. Feb. 20, 2024). Trisvan appealed. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2). *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). "We afford a pro se litigant special solicitude by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Id.* (quotation marks omitted).

The district court dismissed Trisvan's suit for lack of subject-matter jurisdiction because he failed to identify a federal cause of action. But "the absence of a valid . . . cause of action does

2

not implicate subject-matter jurisdiction." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)). Subject-matter jurisdiction "refers to a tribunal's power to hear a case. It presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief." *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (cleaned up).[1]

This Court may affirm "on any basis supported by the record, including grounds upon which the district court did not rely." *Pauwels v. Deloitte LLP*, 83 F.4th 171, 178 (2d Cir. 2023) (cleaned up); *see also Morrison*, 561 U.S. at 254 ("[When] a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion . . . we proceed to address whether petitioners' allegations state a claim."). "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).

Trisvan failed to state a claim upon which relief may be granted. He alleged a violation of "Title 18"—the entirety of the federal criminal code—and 20 U.S.C. § 1097, a provision of the education code providing criminal penalties for fraudulent federal education loans. Neither of these gives rise to a viable federal claim because federal "crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972).

---

[1] To the extent that Trisvan's allegations sound in breach of contract, we agree with the district court that he failed to establish diversity jurisdiction over those state-law claims. *See Trisvan*, 2024 WL 686926, at *2. The district court dismissed those claims without prejudice, and we express no opinion about their viability in state court.

Nor do Trisvan's general civil-rights allegations "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). He alleges violations of his civil rights due to "fraud, deception, [and] denial of honest service[s]" and his status as an individual "suffering a disability." App'x at 23-24. But "[a]s we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

\*     \*     \*

We have considered Trisvan's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court. We **DENY** as moot Trisvan's motion for "summary judgment" and "compensatory, punitive, and declaratory relief."

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court