Robinson v. Kotler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Gina Robinson,

> *Plaintiff-Appellant,*

> v.                                                          **24-555**

Hon. Lynn R. Kotler, J.S.C.,

> *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:          Gina Robinson, *pro se,* Kansas City, MO.

FOR DEFENDANT:          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gina Robinson, proceeding *pro se*, sued the manufacturer of a dental device in New York state court, alleging that the dental device had not been manufactured to Robinson's specifications. Defendant Lynn Kotler, a justice of the New York State Supreme Court, presided over the matter and ruled largely in favor of the defendants. While Robinson's appeal of that order was pending in state court, she filed this lawsuit against Kotler, invoking 42 U.S.C. § 1983 and the Constitution as bases for federal jurisdiction. Robinson alleged that Kotler's decisions and actions in her role as the judge in the state-court lawsuit violated Robinson's federal constitutional rights. To redress that

2

violation, she sought money damages and injunctive relief. The district court, acting *sua sponte* and citing 28 U.S.C. § 1915, ordered Robinson to show cause why her complaint should not be dismissed. After Robinson responded, the district court dismissed her complaint on the grounds that it was barred by the *Rooker-Feldman* doctrine and by the doctrine of judicial immunity. Judgment was entered accordingly and this appeal followed. We assume the parties' familiarity with the facts and issues on appeal.

We review *de novo* a district court's dismissal under 28 U.S.C. § 1915. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). We liberally construe a *pro se* complaint to raise the strongest claims it suggests. *Id.*

**I**

We agree with Robinson that the district court incorrectly applied the *Rooker-Feldman* doctrine. *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). The doctrine does not apply if an appeal of the state-court judgment

3

was still pending when the federal action was filed. "When an appeal remains pending in state court, the state proceedings have not ended and *Rooker-Feldman* does not apply." *Hunter v. McMahon*, 75 F.4th 62, 65 (2d Cir. 2023).

In this case, Robinson alleged that she had appealed the state court judgment. And public records show that her appeal remained pending when she filed her federal lawsuit in 2023.[1] Because "federal courts assess jurisdiction as of the moment the complaint was filed," and at that moment Robinson's state court proceedings were ongoing, *Rooker-Feldman* did not bar her subsequent federal lawsuit. *Hunter*, 75 F.4th at 67 (internal quotation marks and alterations omitted). The district court erred in holding that it did. *See generally id.* at 67-71 (discussing the limited scope of *Rooker-Feldman*).

## II

We nevertheless affirm the judgment because we agree with the district court that judicial immunity barred Robinson's complaint. When a plaintiff seeks money damages, "[j]udges are granted absolute immunity from liability for acts

---

[1] *See* https://iapps.courts.state.ny.us/webcivil/FCASSearch (index number 153436/2022).

4

taken pursuant to their judicial power and authority." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988); *see also Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."). Absolute immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bliven*, 579 F.3d at 209 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Immunity depends on the task performed; thus, judges are absolutely immune from liability for judicial functions but may not be entitled to absolute immunity for tasks that are not essentially judicial, such as supervising court employees. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 229 (1988) (explaining that it is "the nature of the function performed, not the identity of the actor who performed it," that "inform[s] our immunity analysis").

Here, the district court correctly concluded that Robinson's claims arose from Kotler's performance of judicial functions. Robinson alleged, for example, that Kotler was biased in favor of the defendants, as evidenced by her rulings in their favor. *See* Complaint ¶¶ 18-56, *Robinson v. Kotler*, No. 23-CV-10623

5

(S.D.N.Y. Dec. 6, 2023), ECF No. 1 (describing Kotler's rulings on discovery and other issues and arguing that the rulings were contrary to law and evidenced bias).

Judicial immunity bars claims arising from a judge's case-management decisions and merits rulings—even if the plaintiff alleges that the judge's decisions were wrong, malicious, or corrupt. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (emphasis omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); *see also id.* ("Judicial immunity is not defeated 'even when the judge is accused of acting maliciously and corruptly.'") (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Injunctive relief is available against a judicial officer only when "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Robinson's complaint and response to the district court's order to show cause did not identify a declaratory decree that Kotler violated nor did Robinson

6

establish that declaratory relief was unavailable. The district court correctly held that Kotler was entitled to immunity from the injunctive claims as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding that the commissioner of a parole board, acting in a quasi-judicial capacity, was entitled to immunity from a claim for injunctive relief because the plaintiff "alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief").

\*    \*    \*

We have considered Robinson's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court