17-1169-cv
Burdick v. Town of Schroeppel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges,*
> TIMOTHY C. STANCEU,*
> *Judge.*

―――――――――――――――――――――――――

Steven D. Burdick,

> *Plaintiff-Appellant*,

> v.                                                                                   **17-1169-cv**

Town of Schroeppel, et al.,

> *Defendants-Appellees*.

―――――――――――――――――――――――――

---

* Timothy C. Stanceu, Chief Judge for the United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:                    Steven D. Burdick, *pro se*, Fulton, New York.

FOR APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Steven D. Burdick, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint against Schroeppel Town Justice Armen J. Nazarian, Oswego County Court Judge Donald Todd, the Town of Schroeppel, Oswego County, criminal defense attorney Salvatore Lanza, and Oswego County Commissioner of Jurors James Cloonan.  As relevant on appeal, Burdick's complaint alleges that Justice Nazarian and Judge Todd violated his constitutional rights through actions they undertook while presiding over his 2013 state court criminal trial and subsequent appeal.   The district court *sua sponte* dismissed the claims against Justice Nazarian and Judge Todd with prejudice, reasoning that they were entitled to absolute judicial immunity and that the claims were also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Burdick timely appeals.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).   On appeal, Burdick challenges only the district court's determination that Justice Nazarian and Judge Todd were entitled to absolute judicial immunity.  Thus, he has abandoned any challenge to the district

2

court's dismissal of his other claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Absolute judicial immunity applies even if the judge allegedly acted in bad faith or with malice. *Id.* It can be overcome only if (1) the act is not taken in the judge's judicial capacity, or (2) the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Here, the challenged acts included typical judicial acts arising out of Burdick's 2013 criminal conviction and appeal. *See Bliven*, 579 F.3d at 210 ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature."). Additionally, Justice Nazarian and Judge Todd had jurisdiction over the criminal conviction and appeal. *See Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009); N.Y. Crim. Proc. Law §§ 10.30, 450.60(3). Thus, the district court properly concluded that Justice Nazarian and Judge Todd were entitled to absolute judicial immunity.

We have considered Burdick's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3