Cooke v. U.S. Bank Nat'l Ass'n et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of January, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

LINVAL COOKE,

       *Plaintiff-Appellant*,

                    v.                                           No. 17-2558

U.S. BANK NATIONAL ASSOCIATION, as Trustee for
the structured Asset Securities Corporation Mortgage
Pass-Through Certificates, Series 2006-BC5, AMERICAN SERVICING
COMPANY, GROSS POLOWY ORLAN, GROSS POLOWY LLC
Attn: Courtney William, 1775 Wehrle Drive, Suite 100,
Williamsville, NY 14221, et al,

       *Defendants-Appellees*.

_____

Appearing for Appellant:            Linval Cooke, pro se, Jamica, N.Y.

Appearing for Appellees
 U.S. Bank National Association
and American Servicing Company:     Andrew B. Messite, Reed Smith LLP, New York, N.Y.

Appearing for Appellee
Gross Polowy, LLC:                          Steven John Vargas, Gross Polowy, LLC, Westbury, N.Y.

Appeal from the United States District Court for the Eastern District of New York
(Matsumoto, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Linval Cooke, pro se, sued U.S. Bank National Association, as Trustee for the Structured
Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC5 (the
"Bank"), which held the mortgage and note on his property; American Servicing Company, the
Bank's mortgage loan servicer; and Gross Polowy, LLC, the law firm representing the Bank in a
pending New York state court foreclosure proceeding.  Cooke asserted claims under the Fair
Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Fair Credit Reporting
Act ("FCRA"), 15 U.S.C. § 1681 et seq.; and state law, seeking money damages and declaratory
and injunctive relief.  He generally alleged that the defendants' tactics in attempting to foreclose
on his property were illegal and sought to enjoin the defendants from pursuing the pending
foreclosure action.  The district court sua sponte dismissed the complaint, reasoning that:
Cooke's request for declaratory and injunctive relief was barred by *Younger v. Harris*, 401 U.S.
37 (1971); the FDCPA, FCRA, mortgage fraud, and intentional infliction of emotional distress
claims failed to state a claim; and the district court lacked subject matter jurisdiction over
Cooke's New York Landlord and Tenant Act claim.  The court allowed Cooke an opportunity to
amend the complaint, but Cooke instead filed a motion for a temporary restraining
order/injunctive relief.  The district court denied the motion and dismissed the complaint with
prejudice. This appeal followed.  We assume the parties' familiarity with the underlying facts,
procedural history, and specification of issues for review.

     We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C.
§ 1915(e)(2).  *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).
To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is
plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has
facial plausibility when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009).  This Court reviews dismissals based on *Younger* abstention de novo,
*see Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002), and denials of
motions for injunctive relief for an abuse of discretion, *see Schwartz v. Dolan*, 86 F.3d 315, 319
(2d Cir. 1996).

     On this appeal, Cooke's brief primarily sets out arguments regarding the state court's
grant of summary judgment to the Bank in the foreclosure action. Cooke's brief refers to facts
generally occurring from 2006 to 2013 that were not included in his district court complaint, and
makes arguments based on those new facts. He refers in passing to the district court's July 2017
decision that his complaint failed to state a claim, and then asserts that the Bank and two other
entities committed wire and mail fraud, made fraudulent representations, were debt collectors,
filed fraudulent documents to collect a debt they had no standing to collect, and deceived him

2

into believing he owed a debt based on unlawful documents. Other than the reference to debt collectors, none of these allegations were included in his district court complaint.

While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Fed. R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording pro se litigants "some latitude" in abiding by the rules governing litigation, the Court "normally will not[] decide issues that a party fails to raise in his . . . appellate brief." *Id.; see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

Cooke's brief on appeal fails to challenge the district court's rulings that: (1) the *Younger* abstention doctrine bars declaratory and injunctive relief; (2) his FCRA, FDCPA, fraud, and intentional infliction of emotional distress causes of action fail to state a claim; and (3) it lacked subject matter jurisdiction over his New York landlord-tenant cause of action. He also fails to challenge the district court's denial of his motion for a TRO and its dismissal of the complaint with prejudice. Because Cooke has failed to address the bases for the district court's dismissal of his complaint or denial of his TRO motion in his brief on appeal, he has abandoned any such challenges.

We have considered the remainder of Cooke's arguments and find them to be without merit. Accordingly, the order of the district court hereby is **AFFIRMED**. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3