20-1409-cv
*Caldwell v. Barriere*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           JOSEPH F. BIANCO,
                     *Circuit Judges.*[*]

---

BOISEY CALDWELL,

       *Plaintiff-Appellant*,                           20-1409-cv

       v.

JAMES BARRIERE,

       *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Boisey Caldwell, *pro se*, Bronx, NY.

**FOR DEFENDANT-APPELLEE:**           James J. Barriere, Christopher V. Fenlon, Hinckley, Allen & Snyder, LLP, Albany, NY.

---

[*] Judge Pooler, originally assigned to the panel, recused herself from consideration of this matter. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Boisey Caldwell ("Caldwell"), proceeding *pro se*, appeals the District Court's *sua sponte* dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend. Caldwell sued his former attorney for legal malpractice and violations of his civil rights in connection with representation in a prior civil action, and the District Court dismissed the complaint because, among other reasons, Caldwell's prior complaint raising the same claims against the same attorney had been dismissed with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal under § 1915(e)(2). *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). Under § 1915(e), a district court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Fed R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording *pro se* litigants "some latitude" in meeting the rules governing litigation, we "normally will not[] decide issues that a party fails to raise in his . . . appellate brief." *Id.*

Caldwell's appellate brief does not address the District Court's holding that his complaint was barred because his prior complaint raising the same claims against the same defendant was dismissed with prejudice more than a decade earlier. Nor does he address the District Court's holding that amendment would be futile. He has thus waived any challenge to the Court's rulings on these issues, which were dispositive. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, neither holding was in error. *See Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action[.]" (internal quotation marks and alterations omitted)); *Cuoco v. Moritsugu*, 222 F.3d 99,

112 (2d Cir. 2000) (leave to replead should be denied as futile where defects in the complaint are substantive and cannot be cured by repleading).

## CONCLUSION

We have reviewed all of the arguments raised by Caldwell on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 17, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk