20-3676-cv
*Komatsu v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

TOWAKI KOMATSU,

*Plaintiff-Appellant,*

v.                                                          20-3676-cv

CUBESMART, DANIELS NORELLI CECERE & TAVEL PC, URBAN PATHWAYS, INC., RONALD ABAD, MARILYN ANDZESKI, ALLISON HEILBRAUN, LISA LOMBARDI, KISHEA PAULEMONT, FREDERICK SHACK, NANCY SOUTHWELL, ERIC TAVEL,

*Defendants-Appellees,*

STEVEN BANKS, KRISTIN BENJAMIN-SOLIS, CITY OF NEW YORK, SHARON COATES, MARIN GERBER, JEFFREY MOSCZYC, ANN MARIE SCALIA, AVRAHAM SCHMEIDLER AND BRENDA S. SPEARS, in her official capacity as a New York City Housing Court judge assigned to the Bronx Housing Court, NANCY M. BANNON, THE NEW YORK STATE OFFICE OF COURT

ADMINISTRATION, THE NEW YORK STATE UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK AND WENDELL VAUGHAN,

*Defendants*.

_____

For Plaintiff-Appellant:          Towaki Komatsu, *pro se*, Bronx, NY.

For Defendants-Appellees:          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Towaki Komatsu ("Komatsu"), proceeding *pro se*, appeals the district court's October 22, 2020 judgment *sua sponte* dismissing his amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Komatsu sued a storage company, his landlord, the New York state court system, the City of New York (the "City"), and nearly twenty individuals, alleging that these defendants violated his contractual, statutory, and constitutional rights under state and federal law when (1) his landlord, Urban Pathways, Inc. ("Urban"), changed his residential lease, forcing him to live with a violent roommate, and then wrongfully sued him for unpaid rent; (2) the New York City Human Resources Administration ("HRA") stopped paying rent on his storage unit; and (3) he received adverse rulings in related state agency and court proceedings. Komatsu sought damages and injunctive relief, including an order transferring pending state lawsuits to federal court. For the below reasons, we affirm the district court's dismissal of Komatsu's amended complaint and the court's denial of leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

\* \* \*

We review *de novo* a district court's *sua sponte* dismissal under Section 1915(e)(2). *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). The denial of leave to amend is reviewed *de novo* when it is "based on an interpretation of law, such as futility." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (internal quotation marks omitted). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (alteration omitted).

Under Section 1915(e), the district court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The district court properly dismissed Komatsu's amended complaint because it failed to state a plausible claim.

Although Komatsu is correct that the district court misstated the HRA's purported reason for insisting that Komatsu was ineligible for payment of storage expenses, that error had no bearing on the district court's decision to dismiss his amended complaint. Komatsu also asserts that the district court misstated the procedural posture of his state court actions, but the posture did not affect the court's evaluation of any claim.

Komatsu next argues that the judicial defendants are not entitled to immunity because their actions violated his rights. However, "[a] judge will not be deprived of immunity because the

3

action he took was in error, was done maliciously, or was in excess of his authority[,] [but] . . . only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks omitted). Komatsu did not plead facts showing that the judicial defendants lacked jurisdiction when taking the actions alleged in the complaint.

Komatsu further argues that the district court erred in determining that Urban was not a state actor, and was thus not subject to 42 U.S.C. § 1983 liability. As the district court held, a private entity does not engage in state action for the purposes of Section 1983 merely because it acted pursuant to a public contract. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Komatsu asserts that the HRA was likely involved in Urban's misconduct, or engaged in a conspiracy with it, but he does not point to any facts in the complaint from which the district court could have arrived at the conclusion that his assertions were supported by a plausible claim. Likewise, Komatsu argues that the district court erred in concluding that he had not adequately pleaded that he was harmed pursuant to City policy, practice, or custom (as required to state a claim against a municipality under Section 1983), but he does not identify any facts in the complaint from which the existence of such a policy, practice, or custom could plausibly be inferred. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).

The district court did not address Komatsu's request to remove pending state court proceedings to federal court. But such requests must be made through a notice of removal, not a complaint in a new case. *See* 28 U.S.C. § 1446. In any event, Komatsu had already missed the 30-day deadline for removal by the time he initiated this action in August 2020. *See id.*

4

§ 1446(b)(1). Although Komatsu argues that the district court had authority to intervene in state court proceedings under an exception to the *Younger* doctrine, *see Younger v. Harris*, 401 U.S. 37, 43–44 (1971), that argument is misplaced because the district court did not deny any relief based on that doctrine.

To the extent that Komatsu seeks review of other issues related to the dismissal, we decline to consider them because they are not adequately argued in his appellate brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (*pro se* litigant abandons issue by failing to address it in his appellate brief).

A *pro se* plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). The district court did not err in denying leave to amend here because amendment would have been futile. *Id.*

Finally, the lack of service of the amended complaint was harmless because the district court dismissed the amended complaint on other grounds. Komatsu's judicial bias claim fails because it is based entirely on the district court's adverse rulings. *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

*       *       *

5

We have considered Plaintiff-Appellant Komatsu's remaining arguments and find them to be without merit.   We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court