21-1767
*Haynes v. Foschio*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-two.

PRESENT:    Dennis Jacobs,
                    Guido Calabresi,
                    Steven J. Menashi,
                            *Circuit Judges.*

_____

BRENDA JOYCE HAYNES,

            *Plaintiff-Appellant,*

        v.                                                        No. 21-1767

LESLIE G. FOSCHIO, JON O. NEWMAN,
ROSEMARY S. POOLER, BARRINGTON
D. PARKER, JR.,

*Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:                    Brenda Joyce Haynes, pro se, Buffalo, NY.

*For Defendants-Appellees*:                Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Brenda Joyce Haynes, proceeding pro se, appeals from a judgment of the United States District Court for the Western District of New York dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In December 2020, Haynes filed a *Bivens* action against four federal judges, alleging that those judges violated her constitutional rights by ruling against her in a prior civil case that she had filed. Haynes sought compensatory and punitive

2

damages as well as an injunction against "enforcing or relying upon" the judgments in the prior case.

The district court granted Haynes's motion to proceed *in forma pauperis* but dismissed her complaint under 28 U.S.C. § 1915(e)(2)(B), concluding that the defendants were entitled to judicial immunity from suit. For the same reason, the district court found that further amendment of the complaint would be futile. Haynes timely appealed.

We review de novo a district court's *sua sponte* dismissal under § 1915(e)(2). *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). Section 1915(e)(2) provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that … the action or appeal … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B)(iii); *see also Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("[A]lthough immunity is an affirmative defense, § 1915(e)(2)(B)(iii) directs the district court to dismiss a prisoner's pro se suit 'at any time' if the defendant is immune."). "[J]udges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity applies if "the relevant action is judicial in nature" and the action was "not taken in the

3

complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005).

The district court properly concluded that judicial immunity barred Haynes's claims against the defendants. The actions about which Haynes complains—rendering adverse decisions in a civil suit—are plainly judicial in nature. *See Bliven*, 579 F.3d at 210 ("[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature."). Haynes asserts that the defendants acted without jurisdiction, but the defendants acted while presiding over Haynes's case. Even if the defendants' decisions were, as Haynes argues, incorrect or inconsistent with a prior panel's mandate, the judicial defendants still would have immunity for those decisions. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

The district court did not separately address Haynes's request for injunctive relief. However, we may affirm on any ground with support in the record, "including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). Haynes's request for injunctive relief is "based on

4

an indisputably meritless legal theory" and therefore must be dismissed as frivolous, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), because such relief is not available in a *Bivens* action, *see Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").

We review de novo a denial of leave to amend when it is "based on an interpretation of law, such as futility." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (internal quotation marks omitted). Because additional pleading could not overcome the defendants' immunity, the district court properly denied leave to amend as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied.").

We have considered Haynes's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
