21-1638
Peralta v. 32BJ SEIU

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-two.**

**PRESENT:**
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> > *Circuit Judges.*

_____

**Victor Peralta,**

> *Plaintiff-Appellant,*

> v.                                                    **21-1638**

**32BJ SEIU,**

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Victor Peralta, pro se, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | Ingrid Nava, Associate General Counsel, SEIU Local 32BJ, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Victor Peralta, proceeding pro se, appeals the district court's judgment dismissing his complaint, which the district court construed as asserting: (1) claims under 42 U.S.C. § 1983 that his labor union, Defendant 32BJ SEIU, violated his federal constitutional rights; (2) hybrid claims under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA") that 32BJ SEIU breached its duty of fair representation; and (3) claims under Title VII of the Civil Rights Act of 1964 that 32BJ SEIU discriminated against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). We may "affirm on any ground with support in the record." *Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014). Because Peralta is proceeding pro se, "we liberally construe [his] pleadings and briefs," reading them "to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (cleaned up).

**I.      Section 1983 Claims**

First, 32BJ SEIU may not be sued under section 1983 because it is a private entity. A plaintiff asserting a claim under section 1983 for deprivation of a constitutional right is "required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). A

2

private entity "can qualify as a state actor in a few limited circumstances," such as "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (citations omitted). 32BJ SEIU—a labor union—is a private entity, and Peralta did not allege any facts suggesting that 32BJ SEIU should be treated as a state actor. Thus, the district court properly dismissed Peralta's section 1983 claims.

## II. LMRA-NRLA Claims

Second, Peralta's hybrid LMRA-NLRA claims are untimely. A union-represented employee may bring an action against his employer, union, or both, in a hybrid claim under section 301 of the LMRA, 29 U.S.C. § 185, and the NLRA, 29 U.S.C. §§ 151 *et seq. See Carrion v. Enter. Ass'n, Metal Trades Branch Loc. Union 638*, 227 F.3d 29, 33 (2d Cir. 2000). To prevail, a plaintiff must show that his employer breached its collective bargaining agreement, and his union breached its duty of fair representation. *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005). The statute of limitations for a claim of breach of the duty of fair representation is six months, and it begins when the plaintiff "*knew* or reasonably *should have known* that such a breach" had occurred. *Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) (citation omitted).

Peralta's LMRA-NLRA claims are time barred. 32BJ SEIU and St. Luke's held a grievance hearing in January 2013, and Peralta was fired in February 2013. At that time, Peralta knew—or should have known—about any breach related to his discharge. Peralta's claims, filed in 2021, are more than seven years untimely. Further, insofar as Peralta's claims are based on

32BJ SEIU's failure to investigate or remove the allegations from his record, they are still time barred as he wrote letters requesting to meet with 32BJ SEIU's presidents in March 2017 and August 2019.   Therefore, Peralta knew at that time about his claims, but he did not file this action until 2021.

**III.    Title VII Claims**

Finally, Peralta's Title VII claims fail because he did not obtain a right-to-sue letter, a "precondition" to filing a Title VII action.  *Hardaway*, 879 F.3d at 489, 491.   Although Peralta obtained a right-to-sue letter against St. Luke's, that letter did not give him a right to sue a separate entity, 32BJ SEIU.  *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619–20 (2d Cir. 1999) (affirming dismissal of a Title VII claim against a labor union where the employee's EEOC charge named only the employer as a respondent).   Further, Peralta has not argued—nor do his allegations show—that any equitable exceptions to this requirement apply.  *See Hardaway*, 879 F.3d at 490.   Therefore, his Title VII claims are barred.

We have considered all of Peralta's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court