22-1717-cv
Techu-El v. Conetta

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-three.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Rashad Techu-El,

       *Plaintiff-Appellant*,

       v.                                                                22-1717

Drew Conetta, Lieutenant Port Chester Police Department, Badge #321, Christopher Bivona, Officer Port Chester Police Department, Badge #2, Village of Port Chester/Town of Rye,

       *Defendants-Appellees*,

Port Chester Police Department,

       *Defendant*.

_____

**FOR PLAINTIFF-APPELLANT:**    Rashad Techu-El, pro se, New Windsor, NY.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Rashad Techu-El, proceeding pro se, appeals from the district court's dismissal of his action under 42 U.S.C. § 1983. On November 28, 2020, Port Chester Police Officer Christopher Bivona pulled over Techu-El for speeding. Rather than providing his driver's license, Techu-El informed Officer Bivona that he was exercising his "right to travel freely, unfettered, and unencumbered on the public roadways/highways." Appellant's Br. at 5. He claimed that the noncriminal traffic infraction did not require him to show identification. After repeating this explanation to Lieutenant Drew Conetta, whom Officer Bivona summoned for backup, Techu-El was handcuffed, arrested, held at the police station for around five hours, and eventually released.

Proceeding pro se and *in forma pauperis*, Techu-El filed a civil rights lawsuit against Bivona, Conetta, the Village of Port Chester, and the Town of Rye, alleging that the stop and arrest violated his constitutional rights and several federal criminal statutes. The district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted and permitted amendment to correct the identified deficiencies. *See generally Techu El v. Conetta*, No. 22-CV-0111 (LTS), 2022 WL 1036793 (S.D.N.Y. Apr. 4, 2022). The amended

2

complaint was dismissed for substantially the same reasons. *See generally Techu-El v. Conetta*, No. 22-CV-0111 (LTS), 2022 WL 2704101 (S.D.N.Y. July 11, 2022). Techu-El timely appealed. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a § 1915(e)(2) dismissal for failure to state a claim de novo and assess whether the pro se litigant's amended complaint, liberally construed, states a facially plausible claim for relief. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). We also liberally construe Techu-El's pro se appellate brief to "raise the strongest arguments [it] suggest[s]." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

The district court correctly determined that Techu-El's false-arrest theory was based on a "mistaken view of the law" drawn from out-of-context case citations and inapplicable dictionary definitions. *Techu-El*, 2022 WL 2704101, at *3. Techu-El's related contention that a traffic violation cannot provide the basis for a constitutional traffic stop is also incorrect, as a traffic stop is presumptively reasonable under the Fourth Amendment "where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Techu-El does not otherwise claim that the rationale for the stop was false or baseless.

Techu-El also failed to state a constitutional claim premised on his arrest or detention because the Fourth Amendment does not forbid a warrantless arrest for offenses such as speeding or unlicensed driving, even if—as Techu-El asserts—those are not "arrestable" offenses under state law. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("[S]tate restrictions [on arrests] do not alter the Fourth Amendment's protections.").

Finally, Techu-El's claim that his body and vehicle were "unlawfully searched," Appellant's Br. at 5, fails to allege a violation of his Fourth Amendment rights. When a police

3

officer "has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest." *Thornton v. United States*, 541 U.S. 615, 617 (2004) (citation omitted). Likewise, police officers may conduct "a search of the arrestee's person." *Chimel v. California*, 395 U.S. 752, 763 (1969). Here, the alleged search was incidental to arrest.

We have considered Techu-El's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court