22-383-cv; 22-1453-cv; 22-1671-cv
*Chen v. Mount Sinai Beth Israel*; *Vasan*; *United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of November, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Victor Chen,

> *Plaintiff-Appellant,*

> v.                                                                            22-383

Mount Sinai Beth Israel, New York State, The USA, Yale University, Oxford University, Queen Elizabeth II, of the U.K., Harvard University,

> *Defendants-Appellees.*

_____

Victor Chen,

> *Plaintiff-Appellant,*

v.                                                    **22-1453**

**Commissioner Ashwin Vasan, Director Christopher Wray, Federal Bureau of Investigation,**

*Defendants-Appellees.*
_____

**Victor Chen,**

*Plaintiff-Appellant,*

v.                                                    **22-1671**

**United States of America, Merrick Garland, U.S. Attorney General, Department of Justice, Damian Williams, U.S. Attorney, S.D.N.Y.,**

*Defendants-Appellees.*
_____

**FOR APPELLANT:**                    Victor Chen, *pro se*, New York, NY.

**FOR APPELLEES:**                    No appearance.

Appeals from judgments of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED as modified**.

In the three actions giving rise to these appeals, which have been consolidated for disposition, pro se Plaintiff-Appellant Victor Chen filed suit against several Defendants raising claims of alleged misconduct and seeking various forms of injunctive relief.  The

district court granted Chen *in forma pauperis* ("IFP") status and dismissed each complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Chen v. United States*, No. 22-CV-4090 (LTS), 2022 WL 1778396 (S.D.N.Y. May 31, 2022); *Chen v. Vasan*, No. 22-CV-2938 (LTS), 2022 WL 1304461 (S.D.N.Y. Apr. 29, 2022); *Chen v. Mount Sinai Beth Israel*, No. 22-CV-0223 (LTS), 2022 WL 280881 (S.D.N.Y. Jan. 31, 2022).

In Case No. 22-cv-2938 (which corresponds to Appeal No. 22-1453), the district court, upon dismissal of the complaint, ordered Chen to show cause "why he should not be barred from filing any further actions in this court *IFP* without first obtaining permission," in light of his history of frivolous lawsuits. *Chen v. Vasan*, 2022 WL 1304461, at *3 (emphasis added). Finding Chen's response to be inadequate, the court barred him "from filing future civil actions *IFP* in [the Southern District of New York] without first obtaining from the court leave to file." *Chen v. Vasan*, No. 22-CV-2938 (LTS), 2022 WL 2669297, at *1 (S.D.N.Y. June 28, 2022) (emphasis added). The subsequent judgment, however, purported to bar Chen from filing "*any* civil action"—not just *any IFP* civil action— "without first requesting permission from the court." S.D.N.Y. 22-cv-2938, doc. 13 at 1 (emphasis added). We assume the parties' familiarity with the remaining facts and procedural history.

## I.    Forfeiture of Appellate Review

Chen has filed briefs in each appeal, but none address the district court's dismissals of his complaints or imposition of a filing bar. As a result, Chen has forfeited appellate review. Although the filings of pro se litigants are to be liberally construed, they must still provide identifiable arguments in their briefs, including addressing how the district

3

court erred. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). "[W]e need not, and normally will not, decide issues" that pro se litigants fail to raise in their appellate brief. *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Here, Chen's submissions simply do not address the grounds upon which the district court ruled or identify any errors in its rulings. We may affirm on that basis alone.

**II.    Merits**

Notwithstanding Chen's forfeiture of appellate review, we nevertheless, upon de novo review, affirm the district court's dismissals and denial of leave to amend as futile. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) ("We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)."). Many of Chen's allegations are factually frivolous and do not support claims for relief. *See Gallop v. Cheney*, 642 F.3d 364, 367-68 (2d Cir. 2011) (finding factually frivolous and baseless allegations that set forth a "fantastical alternative history"). And even assuming the pleaded facts were true, the complaints would still fail to connect those allegations to cognizable causes of action, thus lacking an arguable basis in law, *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and fail to state a plausible claim upon which relief could be granted, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court thus correctly dismissed Chen's complaints. Moreover, nothing in Chen's briefs suggests that he would be able to plead facts that would state a claim upon which relief could be granted. Accordingly, the district court correctly denied Chen leave to amend because repleading would be futile.

**III.     Modifications**

Although we affirm for the reasons explained above, we add a modification to the district court's judgment.  *See United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020) ("[W]e have long recognized the power to modify judgments to conform with the district court's authority and to affirm them as modified, 'as may be just under the circumstances.'" (quoting 28 U.S.C. § 2106)).

As noted above, the district court barred Chen from "filing future civil actions *IFP*," after having previously ordered him to show cause and finding his response inadequate. *Chen v. Vasan*, 2022 WL 2669297, at *1 (emphasis added).  But the language in the subsequent judgment was broader, purporting to prevent Chen from filing "*any* civil action" in the Southern District without permission, not just IFP actions.  S.D.N.Y. 22-cv-2938, doc. 13 at 1 (emphasis added).  Because the district court in its bar order referred to the sanction as affecting only Chen's ability to proceed IFP, *see Chen v. Vasan*, 2022 WL 2669297, at *1, we modify the broader language in the judgment to conform with the bar order, reflecting that the leave-to-file restriction affects only IFP complaints.  Of course, this modification does not constrain the district court's discretion to impose additional restrictions in the future should circumstances warrant.

Finally, we note that these are not the only meritless appeals Chen has filed recently in this Court.[1]   If Chen continues to pursue plainly meritless appeals, we also will impose sanctions, including a leave-to-file requirement.

---

[1] *See, e.g.*, 2d Cir. 22-1218, doc. 78 (dismissing appeal as frivolous); 2d Cir. 22-1330, doc. 58 (same).

5

\*  \*  \*

Chen's remaining arguments are without merit.  Accordingly, we **AFFIRM** the district court's dismissals of Chen's complaints, although we **MODIFY** the June 28, 2022 judgment to clarify that Chen is barred from filing future civil actions in the Southern District of New York *IFP* without first obtaining leave to file from that court.   All pending motions are **DENIED** as without merit or moot in light of our disposition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court